AVERN COHN, District Judge,
concurring.
I concur in the lead opinion and have this to add. As I read Plaintiffs’ false-advertising claims, they are predicated on the proposition that Align has no digestive health benefits to anyone, and that there is no reason to purchase Align other than for its promised digestive health benefits. On return to the district court, given the disagreements between the lead opinion and dissent, I believe the district judge, before proceeding further, should consider bifurcation under Fed. R. Civ. P. 42(b) the issue of the digestive health benefits of Align. If, as Plaintiffs claim, there is no scientific evidence that Align promotes digestive health for anyone, the case can proceed in the regular course. If, on the other hand, Plaintiffs’ proofs fail to establish that Align has no digestive health benefits, the case should be dismissed. See, e.g., Gillie v. Law Office of Eric A. Jones, LLC, No. 2:13-CV-212, 2013 WL 6255693 (S.D.Ohio Dec. 4, 2013) (to conserve judicial resources, bifurcating under Rule 42(b) issues relating to liability, such as whether defendants are considered “debt collectors” under the Fair Debt Collection Practices Act), granting defendants’ motion for summary judgment on liability, 37 F.Supp.3d 928 (S.D.Ohio 2014), vacated and remanded, 785 F.3d 1091 (6th Cir.2015); see generally Susan E. Abitanta, Bifurcation of Liability and Damages in Rule 23(b)(3) Class Actions: History, Policy, Problems, and a Solution, 36 Sw. L.J. 743, 744 (1982) (discussing the economic benefits of bifurcation in class actions).